IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| FRANTZ BRUNO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 315-002 |
| ) | |
| STACEY N. STONE, Warden, ) | |
| ) | |
| Respondent. ) | |

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, an inmate at McRae Correctional Institution ("MCI") in McRae, Georgia, brings a petition pursuant to 28 U.S.C. § 2241 that is before the Court on Respondent's motion to dismiss. (Doc. no. 7.) The Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED**, and that this case be **DISMISSED** and **CLOSED**.

### I.  BACKGROUND

United States District Judge Nina Gershon sentenced Petitioner on April 13, 2009, in the Eastern District of New York, to a 120-month sentence of imprisonment for his involvement in a drug and money laundering conspiracy, but the case was maintained under seal. (Doc. no. 7, Ex. A, United States v. Bruno, CR 04-833 (NG) (E.D.N.Y. Apr. 13, 2009).) Thus, when Petitioner tried to file a motion to reduce his sentence based on a retroactive change to the Sentencing Guidelines found in Amendment 782, the Clerk of Court in the Eastern District of New York mistakenly informed him that there was no record of his case. (Doc. no. 1, Ex.) After two unsuccessful attempts at filing his motion for a sentence reduction, Petitioner filed his § 2241

petition, arguing that because there is no record of his criminal case, his conviction is "presumptively void and, Petitioner is illegally detained." (Id. at 2.)

In preparing Respondent's answer to the Court's order to show cause why the petition should not be granted, the government requested, and the District Court in the Eastern District of New York agreed, to unseal the judgment in Petitioner's underlying criminal case for use in this proceeding. (Doc. no. 7, p. 2.) Respondent has filed a copy of that judgment, along with a copy of the unsealing order dated February 11, 2015, to its motion to dismiss. (Id., Exs. A, B.) Respondent also provided the name and address of the Assistant United States Attorney (AUSA) in the Eastern District of New York who is the sentence reduction response coordinator for the United States Attorney's Office in that District and suggests that Petitioner again file his sentence reduction motion, with a copy of Respondent's response in this case, with the Eastern District of New York and provide a copy to the aforementioned AUSA. (Id. at 2.) Because Respondent has unearthed Petitioner's judgment of conviction pursuant to which he is incarcerated, Respondent argues that this case should be dismissed.

Petitioner opposes the motion to dismiss. He now acknowledges that Exhibit A to Respondent's answer to the show cause order, or at least page two of Exhibit A bearing the signature of Kathy Gunn and case number CR 04-833, was already on file at MCI. (Doc. no. 8, p. 1.) He objects to Respondent's suggestion that he file his request for a sentence reduction in the Eastern District of New York for a third time because, based on the two prior mistaken responses from the Clerk's Office, he does not believe that they will be able to successfully find his case even after the unsealing efforts undertaken in conjunction with this § 2241 petition. (Id. at 2.) Thus, Petitioner insists that this Court "direct a thorough search of the records of the U.S. District Court for the Eastern District of New York to unearth his record and resolve the issue of eligibility for a reduced sentence and any future proceedings rightfully and constitutionally

2

proper to his case." (Id.)  In a nutshell, he requests that this Court determine whether he is eligible for a sentence reduction under Amendment 782, even though the Eastern District of New York is the court which has jurisdiction over the underlying criminal proceedings.  (Id. at 3.)

## II.     DISCUSSION

This petition must be dismissed because there is no basis for relief under § 2241, and the relief Petitioner seeks in the form of a sentence reduction under Amendment 782 must be considered by the sentencing court.  As originally filed, Petitioner argued for his immediate release from prison because the Eastern District of New York could not produce evidence of a valid judgment of conviction in a criminal case filed against him.  (See generally doc. no. 1.) Indeed, he provided documentation of his multiple unsuccessful attempts to file a motion for a sentence reduction because Clerk's Office personnel in New York were unable to locate his underlying criminal case.  (Id., Ex.)  However, as Respondent has explained, the case is sealed, and thus, confusion arose as to how to locate Petitioner's case.  (Doc. no. 7, p. 2.)  In preparing his response to the show cause order, Respondent, through counsel, obtained an order in the Eastern District of New York dated February 11, 2015, allowing for a limited unsealing of the entire judgment of conviction.  (Doc. no. 7, Ex. B.)  Thus, the documentation in Petitioner's possession now includes six pages of the judgment of conviction, including the page showing that Judge Gershon sentenced Petitioner in the Eastern District of New York on April 13, 2009. (Id., Ex. A.)

As the "missing" judgment has been found, there is no basis to support Petitioner's original request for his immediate release.  Yet, Petitioner urges the Court not to accept Respondent's suggestion for refiling his request for a sentence reduction under Amendment 782 in the Eastern District of New York.  Petitioner acknowledges for the first time in his opposition to the motion to dismiss that Exhibit A to Respondent's answer to the show cause order, or at

3

least page two of Exhibit A bearing the signature of Kathy Gunn and case number CR 04-833, was already on file at MCI, and the Clerk's Office still refused to file his Amendment 782 motion. (Doc. no. 8, p. 1.) Improperly rejected twice in the Eastern District of New York, Petitioner wants this Court to decide his eligibility for a sentence reduction. This the Court cannot do.

Petitioner seeks a sentence reduction based on a retroactive change to the Sentencing Guidelines found in Amendment 782. This Amendment revised the Drug Quantity Table in U.S.S.G. § 2D1.1 to reduce by two levels the offense level applicable to many drug trafficking offenses. The change is to be applied retroactively, with November 1, 2014 as the effective date for changing the Drug Quantity Table but November 1, 2015 as the effective date for orders reducing prison terms based on the Amendment. United States v. Peak, 579 F. App'x 888, 891-92 & n.1 (11th Cir. 2014); United States v. McCarthy, No. 8:09-cr-395, 2014 WL 4211306, at *1-2 (M.D. Fla. Aug. 26, 2014).

In general, a judgment of conviction is final once direct appellate review has concluded, and at that point, a sentencing court can only revisit it in limited circumstances. Dillon v. United States, 560 U.S. 817, 824 (2010).

> Section 3582(c)(2) establishes an exception to the general rule of finality "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)" and made retroactive pursuant to § 994(u). In such cases, Congress has authorized courts to "reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Id. at 824-25 (citing § 3582(c)(2)). It is pursuant to this statutory authority that the Sentencing Commission promulgated Amendment 782 and "revised the Drug Quantity Table and chemical quantity tables across drug and chemical types." McCarthy, 2014 WL 4211306 at *2.

Thus, the sentencing court, in this case the Eastern District of New York, has the authority to make any appropriate adjustment under Amendment 782 to Petitioner's sentence imposed by Judge Gershon. Indeed, the information needed to make a determination on sentencing, including but not limited to the Presentence Investigation Report, is located in the Eastern District of New York. As this Court cannot grant the sentence reduction sought by Petitioner, the Court agrees with Respondent that the proper course is for Petitioner to refile his sentence reduction motion in the Eastern District of New York.

In sum, the petition should be dismissed because Respondent has produced a complete copy of Petitioner's judgment of conviction showing that he is validly incarcerated pursuant to the sentence imposed by Judge Gershon on April 13, 2009, and because this Court cannot make a ruling in Petitioner's underlying criminal case as to whether he is entitled to a sentence reduction pursuant to Amendment 782.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED** (doc. no. 7), and that this case be **DISMISSED** and **CLOSED**.

SO REPORTED and RECOMMENDED this 15th day of April, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA